**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNIVERSITY SPINE CENTER, *on assignment of Kevin B.*, <br><br>　　　　　　　Plaintiff, <br><br>v. <br><br>UNITED HEALTHCARE, <br><br>　　　　　　　Defendant. | Civil Action No.: 17-8798-SDW-LDW <br><br><br>**OPINION** <br><br><br><br>June 28, 2018 |

**WIGENTON**, District Judge.

Before this Court is Defendant UnitedHealthcare Services, Inc.'s[1] Motion to Dismiss Plaintiff University Spine Center's Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). This Court has jurisdiction pursuant to 28 U.S.C. § 1331. This opinion is issued without oral argument pursuant to Rule 78. For the reasons stated herein, Defendant's Motion to Dismiss is **GRANTED**.

**I.　　BACKGROUND AND PROCEDURAL HISTORY**

This is a civil action for underpayment of health benefits. Plaintiff is a healthcare provider located in Passaic County, New Jersey that rendered medical services to Kevin B. ("Patient") on July 18, 2016 and July 21, 2016. (Compl. ¶¶ 1, 4-6, ECF No. 1.) Patient is a participant in the NCR Health Care Plan for Active Employees Consumer Plan with Health Reimbursement Account

---

[1] Defendant was incorrectly sued as United Healthcare. (Def.'s Br. at 1, ECF No. 10-3.)

(Option 1 & Option 2) (the "Plan"), a health benefits plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). (*Id*. ¶ 7; *see generally* the Summary Plan Description ("SPD"), ECF No. 10-2.) Defendant is the Claims Administrator for the Plan. (Compl. ¶ 13.) Plaintiff alleges that it obtained an assignment of benefits ("AOB") from Patient and submitted a Health Insurance Claim Form demanding reimbursement from Defendant in the amount of $774,499.00. (*Id.* ¶¶ 7-8.) Defendant issued payment to Plaintiff in the amount of $12,672.52 for Patient's treatment costs. (*Id.* ¶ 9.) Plaintiff engaged in Defendant's applicable administrative appeals process to recover the additional payment and requested a copy of the SPD and Plan Policy. (*Id*. ¶¶ 10-11.) Defendant failed to remit additional payment in response to Plaintiff's appeal and also failed to produce the requested documents. (*Id*. ¶ 12.) Taking into account any known deductions, copayments, and coinsurance, Plaintiff claims it was underpaid in the amount of $761,826.48. (*Id.* ¶ 14.)

On October 20, 2017, Plaintiff filed a two-count Complaint alleging: failure to make all payments pursuant to a member's plan in violation of 29 U.S.C. § 1132(a)(1)(B) (Count One); and breach of fiduciary duty under 29 U.S.C. §§ 1104(a)(1), 1105(a), and 1132(a)(3) (Count Two). (*See generally id.*) On January 4, 2018, Defendant filed the instant Motion to Dismiss. (ECF No. 10.) Plaintiff submitted its opposition on February 6, 2018, and Defendant replied on February 26, 2018. (ECF Nos. 13, 16.)[2]

---

[2] On March 14, 2018, while this motion was pending, the parties filed a notice that a consent motion to consolidate this case with six other civil actions was pending before Chief Judge Jose Linares. (ECF Nos. 17.) On May 14, 2018, Magistrate Judge Cathy Waldor granted the motion for consolidation for discovery purposes only; thus, this Court will decide the pending Motion to Dismiss. (ECF No. 19.)

## II.  LEGAL STANDARD

Generally, courts apply the Rule 12(b)(6) standard when a defendant challenges a plaintiff's standing to bring an ERISA claim. *N. Jersey Brain & Spine Ctr. v. Aetna, Inc.*, 801 F.3d 369, 371 n.3 (3d Cir. 2015). To survive a motion to dismiss under Rule 12(b)(6), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

In considering a motion to dismiss under Rule 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)); *Dillin v. Constr. & Turnaround Servs., LLC*, No. 14-8124, 2015 U.S. Dist. LEXIS 124873, at *6-8 (D.N.J. Sept. 18, 2015). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations[.]" *Twombly*, 550 U.S. at 555. But, conclusory or bare-bones allegations will not do. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (discussing the standard for motions to dismiss).

Moreover, a court may look beyond the pleadings and "consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are

based on the document." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted). Here, this Court considers the SPD that Defendant attached in support of its motion because, although not attached to the Complaint, it is referenced therein.

### III. DISCUSSION

Under ERISA, a participant or beneficiary may bring a civil action "to recover benefits due to him under the terms of his plan[.]" 29 U.S.C. § 1132(a)(1)(B); *see also* 29 U.S.C. §§ 1002(7) (defining "participant"), 1002(8) (defining "beneficiary"). Additionally, "Third Circuit precedent sets forth that a healthcare provider may bring a cause of action by acquiring derivative standing through an assignment of rights from the plan participant or beneficiary to the healthcare provider." *Am. Orthopedic & Sports Med. v. Indep. Blue Cross, LLC*, No. 16-8988, 2017 U.S. Dist. LEXIS 26674, at *6-7 (D.N.J. Feb. 24, 2017) (citing *Aetna, Inc.*, 801 F.3d at 372 ("Healthcare providers that are neither participants nor beneficiaries in their own right may obtain derivative standing by assignment from a plan participant or beneficiary.")).

It is uncontested that Plaintiff is neither a participant nor a beneficiary as defined by ERISA. Rather, the parties dispute whether Plaintiff has derivative standing to sue based on an alleged AOB to Plaintiff. (Compl. ¶¶ 7-8.) Defendant challenges the validity of the AOB, arguing that Plaintiff did not comply with the assignment procedures under the SPD, and that the SPD contains an anti-assignment provision. (Def.'s Br. at 8-9.) The operable language states:

> To be recognized as a valid assignment of Benefits under the Plan, *the assignment must reflect the Covered Person's agreement that the non-Network provider will be entitled to all the Covered Person's rights under the Plan* and applicable state and federal laws, including legally required notices and procedural reviews concerning the Covered Person's Benefits, *and that the Covered Person will no longer be entitled to those rights*. If an assignment form does not comply with this requirement, but directs that your

4

> benefit payment should be made directly to the provider, UnitedHealthcare may in its discretion make payment of the benefits directly to the provider for your convenience, but will treat you, rather than the provider, as the beneficiary of your claim. If Benefits are assigned or payment to a non-Network provider is made, NCR Corporation reserves the right to offset Benefits to be paid to the provider by any amounts that the provider owes NCR Corporation pursuant to *Refund of Overpayments* in Section 10 *Coordination of Benefits*.

(SPD at 101 of 183 (emphasis added).)[3]

Here, the Complaint fails to allege that the AOB complied with the assignment procedures under the SPD,[4] and the assignment document attached to the Complaint is illegible. (Compl. Ex. C, ECF No. 1-1.) Even in considering the evidence in the light most favorable to Plaintiff, as pled, this Court cannot find a valid assignment of benefits to confer derivative standing. Therefore, Defendant's Motion to Dismiss Count One is granted.

Similarly, as it relates to Plaintiff's claim for breach of fiduciary duty, because the assignment document is illegible, this Court cannot determine whether the AOB contained "limitless language" allowing Plaintiff to assert all of Patient's right (i.e., a claim for breach of fiduciary duty) or whether it "specifically narrow[ed] the scope of the assignment of legal rights to the collection of benefits." *Bloomfield Surgical Ctr. v. Cigna Health & Life Ins. Co.*, No. 16-8645, 2017 U.S. Dist. LEXIS 80895, at *5-6 (D.N.J. May 25, 2017). "In determining what claims a healthcare provider may bring under ERISA, courts look to the language of the assignment." *Id*.

---

[3] This Court notes that the above provision instructs how to make a valid assignment; it does not prohibit assignments. Thus, the cases Defendant cites to support its argument that the Plan contains an anti-assignment provision are inapposite. (Def.'s Br. at 10.) For example, the plan discussed in *Univ. Spine Ctr. v. Blue Shield of Cal.*, No. 17-8673, 2017 U.S. Dist. LEXIS 190684, at *5 (D.N.J. Nov. 16, 2017) explicitly provided that "[c]overage or any Benefits of this Plan may not be assigned without the written consent of Blue Shield." Similarly, the plan addressed in *Univ. Spine Ctr. v. Aetna, Inc.*, No. 17-7825, 2017 U.S. Dist. LEXIS 209101, at *7 (D.N.J. Dec. 19, 2017) stated that the patient "may not assign [his or her] benefits or rights under this plan."

[4] Although Plaintiff submits that there is another Plan document that governs, (Pl.'s Opp'n Br. at 6-7, ECF No. 13), the Declaration of Mabel S. Fairley is sufficient to show that the SPD controls. (Decl. of Mabel S. Fairley ¶ 4, ECF No. 10-1 ("The SPD is the official Plan document for the NCR Health Care Plan for Active Employees and serves as both the governing Plan document and SPD.").)

at 5 (quoting *Ctr. for Orthopedics & Sports Med. v. Horizon*, No. 13-1963, 2015 U.S. Dist. LEXIS 133763, at *12-13 (D.N.J. Sept. 30, 2015)). Thus, even assuming, as Defendant argues, that the assignment of benefits states that Kevin B. "assign[s] directly to University Spine Center, *all insurance benefits*, if any, otherwise payable to him for the services rendered[,]" (Def.'s Br. at 4), that language alone is insufficient to assign Plaintiff the right to assert a claim for breach of fiduciary duty. Therefore, Defendant's Motion to Dismiss Count Two is granted.

## IV.     CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss is **GRANTED**. An appropriate order follows.

s/ *Susan D. Wigenton*
**SUSAN D. WIGENTON**
**UNITED STATES DISTRICT JUDGE**

Orig:       Clerk
cc:         Leda D. Wettre, U.S.M.J.
            Parties